Frankie FOREMAN *v.* STATE of Arkansas

CA CR 98-1348                                                 984 S.W.2d 85

Court of Appeals of Arkansas
En Banc
Opinion delivered January 13, 1999

*Deborah Sallings*, for appellant.

No response.

P ER CURIAM. Deborah Sallings, court-appointed counsel for Frankie Foreman in this appeal, has filed a motion to be relieved as counsel for Foreman based on information that Jerry Larkowski has been retained as counsel for Foreman on his appeal. Larkowski has also moved to be substituted as counsel for Foreman; his motion recites that "Appellant has *retained* the undersigned attorney to represent him in this appeal." (Emphasis added.) Pursuant to our December 23, 1998, per curiam decision in *Brewer v. State*, 64 Ark. App. 372, 984 S.W.2d 65 (1998), we are remanding the motions to the trial court so that it can conduct proceedings and render findings of fact within forty-five days relevant to the source of funds used to hire appellant's retained counsel, the date that the funds were obtained and counsel was obtained, and whether a demand was made on behalf of the State for reimbursement of the cost of the trial record.

Appellant is appealing his convictions following a jury trial of unlawful discharge of a firearm in the first degree and fleeing. He was sentenced to thirty years' imprisonment in the Arkansas Department of Correction. Appellant was represented at trial by retained counsel, but his retained lawyer's oral motion to be relieved was granted following the trial. Appellant was then declared indigent based upon his affidavit of indigency to the trial court, and the Public Defender for the Sixth Judicial District was appointed to represent him. Sallings filed the notice of appeal. The one-volume trial record that was provided to appellant's court-appointed counsel at a cost of $616.90 was lodged in the Court of Appeals on November 12, 1998. Sallings filed the motion to be relieved as counsel for appellant on November 16, 1998, and Larkowski filed his motion for substitution on November 19, 1998.

We could remand appellant's motion for substitution of counsel with instructions that it be granted after appellant reimburses the State for the cost of the trial transcript as we did in *Smith v State*, 63 Ark. App. 31, 970 S.W.2d 336 (1998). However,

we are concerned about permitting supposedly indigent convicted felons to hire lawyers to prosecute appeals of their convictions using transcripts obtained at State expense. As we stated in the *Brewer v. State* per curiam, a common practice appears to have developed whereby the State of Arkansas pays the cost of a trial transcript after an indigent criminal defendant files notice of appeal. Then the appellant hires private counsel to prosecute the appeal using the taxpayer-provided transcript. This practice seems to mock the notion of indigency and the reason for granting a free transcript to indigent appellants.

The situation in this case is especially intriguing. Appellant was represented at trial by retained counsel. His retained counsel withdrew from the representation after appellant was convicted on April 2, 1998. An undated and unnotarized "Affidavit of Indigency" appears in the record, and the trial judge's May 4, 1998, signature appears under a sentence that reads: "Having found the defendant partially indigent, the Court finds the following to be a reasonable fee to be paid by the defendant to the Indigent Defense Fund: $ _____." No amount is shown in the space provided for that purpose. Appellant's court-appointed counsel filed the trial record on November 12, 1998. Apparently, she then learned that appellant had retained Larkowski to handle the appeal.

Before we decide whether it would be just to permit appellant to prosecute his appeal with a taxpayer-paid trial transcript while allowing him to dump his taxpayer-paid lawyer in favor of one hired with private funds, several questions need to be answered. When did appellant obtain funds to hire private counsel and from what source? How much was obtained to procure the private attorney? Are there any valid reasons why appellant should not be directed to reimburse the State for the cost of the trial record? Has the State demanded reimbursement? If so, when was the demand made and why was it rejected? These issues can be better handled by the trial court than on appeal.

We repeat the statement made in our per curiam in *Brewer v. State, supra*:

To those who object to judicial inquiries into the sources of funds used to hire private counsel in criminal appeals after the appellants [have been represented by court-appointed lawyers in obtaining free transcripts], one need only remember that criminal defendants are . . . provided free trial transcripts on appeal only after trial courts have made findings of indigency and the accused persons have provided sworn evidence of that fact. Trial judges regularly include language in the orders appointing counsel for indigent defendants that the accused and/or appointed-counsel has a duty to report the receipt of funds or other property that might be used to provide a defense. We see no rational basis for dismissing this fact-finding and reporting process during the appellate stage so as to permit supposedly indigent convicted felons to hire lawyers to prosecute appeals of their convictions using transcripts obtained at State expense without even a demand that the transcript cost incurred by taxpayers be reimbursed.

■ Accordingly, we remand the motions to substitute counsel and to be relieved as counsel to the trial court with instructions that it conduct proceedings consistent with this opinion and render findings of fact within forty-five days, after which the trial court shall refer the motions and its findings to our court for final disposition.

PITTMAN, JENNINGS, and STROUD, JJ., would grant for the reasons stated in the dissent in *Brewer v. State*, 64 Ark. App. 372, 984 S.W.2d 65 (1998).